UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CRIMINAL ACTION NO. 06-3-DLB-JGW
CIVIL ACTION NO. 11-7162-DLB-JGW

UNITED STATES OF AMERICA                                         PLAINTIFF

VS.                         **ORDER ADOPTING**
                       **REPORT AND RECOMMENDATION**

FAYUS EUGENE GAYHEART                                            DEFENDANT

********************

Acting *pro se*, Defendant Fayus Eugene Gayheart filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. # 79). In his motion, Defendant alleged that he was denied his constitutional rights and effective assistance of counsel when (1) his counsel "failed to protect him against punishment imposed on the basis of inaccurate information" and (2) the District Court "was not Constitutionally or statutorily conferred with subject matter jurisdiction over federal crimes and was there fore [sic] without jurisdiction to impose sentence." (Doc. # 79 at 4-5).

This matter is before the Court on the Report and Recommendation ("R&R") of the United States Magistrate Judge wherein he recommends that Defendant's Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 79) be denied as time-barred. (Doc. # 107). Defendant has filed objections (Doc. # 109) and an incomprehensible pleading in support of his objections (Doc. # 110). The time for submitting a response by the United States having long expired, the R&R and Defendant's objections are ripe for

1

review. For the reasons set forth below, Defendant's objections are **OVERRULED**, and the Magistrate Judge's R&R is **ADOPTED** as the opinion of this court.

Defendant's § 2255 petition challenges the sentence imposed on him by this Court on June 18, 2007. On February 26, 2007, pursuant to a plea agreement, Defendant plead guilty to one count of being a felon in possession of a firearm and one count of possession of an unregistered firearm. Defendant was subsequently sentenced to 120 months for each count, to be served consecutively. At sentencing, the Court advised, and Defendant acknowledged, that he had the right to appeal his case to the Sixth Circuit and that a Notice of Appeal must be filed within ten days from the date of sentencing. (Doc. # 58). An appeal was not filed. Defendant then filed this instant motion on March 7, 2011, more than three and one-half years later.

Defendant generally "objects to [the Magistrate's] recommendation" to deny his motion. Additionally, Defendant requests that this Court find the one-year statute of limitations for filing a motion under 28 U.S.C. § 2255 was tolled based on equitable tolling because he "diligently pursu[ed] his rights" and "[his] extraordinary circumstances nearly mirror those in *Holland v. Florida*, 560 U.S. __ (2010), where the Supreme Court held that an attorney's egregious misconduct can satisfy extraordinary circumstances justifying equitable tolling." (Doc. # 109).

Pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections within fourteen days after being served with a copy of a Magistrate Judge's Report and Recommendation. Objections must specifically challenge portions of the report or the proposed findings or recommendations. *Id.* So long as a party is properly informed of the consequences of

2

failing to file an objection, "the party waives subsequent review by the district court . . . if it fails to file an objection." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Filing vague, general or conclusory objections does not meet the specificity requirements and may be treated as a complete failure to file. *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (citing *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001)). Additionally, another district court in this Circuit holds that, "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004); *See also Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio. Sept. 15, 2011) (holding "objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived"). Such an "objection" fails to put the district court on notice of any potential errors in the Magistrate Judge's Report and Recommendation. *VanDiver*, 304 F. Supp. 2d at 938.

Here, Defendant was notified in the Magistrate Judge's R&R that he had fourteen days to file particularized objections to the R&R with the Clerk of Court. (Doc. # 107). In his objection (Doc. # 109), Defendant merely stated that he "objects to [the Magistrate's] recommendation" that his § 2255 motion be denied as untimely. Defendant then offered a brief summary of *Holland v. Florida*, 130 S.Ct. 2549 (2010), a case that he heavily cited in his memorandum considered by the Magistrate Judge, for the proposition that an attorney's egregious misconduct can satisfy extraordinary circumstances justifying equitable tolling.

Defendant's "objection" is exactly the type that the Eastern District of Michigan advises that this Court should not consider. *See VanDiver*, 304 F. Supp. 2d at 938. Defendant generally objected to the R&R and then summarized his argument that was already considered by the Magistrate Judge. Without making a more specific objection, this court is effectively being asked to reconsider that which the Magistrate Judge has already reviewed. As the Sixth Circuit states, "[this] duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate Act." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Therefore, Defendant's generic objection must be denied.[1]

The Magistrate Judge's R&R sufficiently concluded that equitable tolling should not apply in Defendant's case, and that his petition is barred by the one-year statute of limitations. The R&R considered the two elements[2] Defendant must prove when seeking equitable tolling and determined that Defendant failed to meet both elements. The Court agrees with the conclusions reached by the Magistrate Judge. While Defendant may disagree with the R&R, simply summarizing arguments already presented to the Magistrate Judge does not amount to a specific objection that this Court will review. Accordingly, for the reasons set forth herein,

**IT IS ORDERED** as follows:

(1) Defendant's Objection to the Magistrate Judge's Report and

---

[1] The "objections" raised in Defendant's supportive memorandum (Doc. # 110) are equally generic and incomprehensible and will be overruled on that basis.

[2] "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

(1) Recommendation (Doc. # 109) and Memorandum in Support of Objections (Doc. # 110) are hereby **OVERRULED**;

(2) The Magistrate Judge's Report and Recommendation (Doc. # 107) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

(3) Defendant's Motion to Vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. # 79) is hereby **DENIED**;

(4) The matter is hereby **STRICKEN** from the active docket of this Court; and

(5) The Court determines there would be no arguable merit to an appeal in this matter and, therefore, no certificate of appealability shall issue.

This 27th day of September, 2011.

Signed By:
*David L. Bunning*  DB
United States District Judge

G:\DATA\ORDERS\Ashland Criminal\2006\06-3 OrderAdoptingR&R2255.wpd